IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Johnson, | Case No. 8:14-cv-04431-TMC-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| J. Hollingsworth, *Warden FCI Fort Dix*, | |
| Defendant. | |

This matter is before the Court on a motion to dismiss or, in the alternative, for summary judgment filed by Defendant. [Doc. 36.] Plaintiff, proceeding pro se, brought this action pursuant to the Federal Tort Claims Act ("FTCA"). [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in proceedings involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on November 11, 2014.[1] [Doc. 1.] On May 4, 2015, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 36.] The same day, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 37.] On

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on November 11, 2014. [Doc. 1-5 at 2 (envelope, marked as processed through prison mail room on November 11, 2014).]

June 8, 2015, Plaintiff filed a response in opposition to Defendant's motion. [Doc. 39.] Accordingly, Defendant's motion is now ripe for review.

## BACKGROUND[2]

Plaintiff, who was incarcerated at FCI Williamsburg in Salters, South Carolina, at the time he filed this action,[3] seeks damages from the United States based on an injury sustained during his incarceration at FCI Fort Dix in New Jersey. [Doc. 1 at 1–5.] He alleges that on June 21, 2011, he fell while working in the food service facilities at FCI Fort Dix. [*Id.* at 3.] On June 29, 2011, he went to medical services and was diagnosed with a backache and was prescribed "[NSAIDS]"; he was also sent for an X-ray, which revealed no significant injury. [*Id.*] He continued to suffer pain, and he sought further treatment for his back injury at FCI Fort Dix. [*Id.*] The prison officials there refused, and he was subsequently transferred to FCI Williamsburg. [*Id.*] The medical staff at FCI Williamsburg evaluated Plaintiff's back and provided an MRI, which revealed "degenerative changes, a disc extrusion that interfered with his right [S1] nerve root." [*Id.*]

Upon receiving the MRI results, Plaintiff filed an administrative claim under the FTCA, seeking damages for his personal injury. [*Id.*] He alleges that on May 14, 2014, the Northeast Regional Office of the Bureau of Prisons ("BOP") denied his personal injury tort claim because it was not timely filed within the limitations period. [*Id.*; *see also* Doc. 1-4 at 2 (letter denying FTCA claim because Plaintiff "failed to submit [his] administrative claim

---

[2]The facts included in this Background section are taken directly from Plaintiff's Complaint.

[3]Plaintiff is now incarcerated at Mount Olive Correctional Complex in Mount Olive, West Virginia. [*See* Docs. 41; 46 (notices of change of address).]

within the time restrictions contained in the applicable statutes and federal regulations"; he "must seek compensation through the Inmate Accident Compensation System (IAC), the exclusive remedy for inmate work assignment accidents"; and "[t]here is no evidence to suggest [he] experienced a compensable loss as the result of negligence on the part of any [BOP] employee").]  Plaintiff brings this action seeking to reverse the BOP's administrative decision or for judgment in his favor pursuant to the FTCA.  [*Id.* at 5.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed.R.Civ.P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not

accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## **DISCUSSION**

Defendant correctly argues that the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, is the exclusive remedy against the United States for federal inmates' claims of work-related injuries. 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act.. Recovery under the Inmate Accident Compensation procedure was declared . . . to be the exclusive remedy in the case of work-related injury."

6

(Internal citations omitted)); *United States v. Demko*, 385 U.S. 149, 152–53 (1966). As the Tenth Circuit Court of Appeals has noted,

> the Supreme Court has long recognized the right of federal prisoners to recover damages against the United States under the FTCA for personal injuries sustained as the result of the negligence of a federal employee. But when a federal prisoner's injuries are work-related, the Supreme Court has held that the prisoner's exclusive remedy against the government is the Inmate Accident Compensation Act; he cannot sue the government under the FTCA.

*Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (internal citations omitted); *see also Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987) (holding that the IACA "provides the exclusive remedy where a prisoner with a preexisting medical problem is subsequently injured in a work-related accident"); *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980) ("*Demko* makes clear that § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job."). Additionally, the IACA is the exclusive remedy for negligent treatment of federal prisoners' work-related injuries. *Wooten*, 825 F.2d at 1044 ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials or when the injury stems from a negligent job assignment." (internal citations omitted)).

Plaintiff argues that the IACA applies only to federal inmates who are employed in the Federal Prison Industries (UNICOR) and, because Plaintiff was not under such employment, the IACA is inapplicable to this case. [Doc. 39 at 3.] However, as noted in *Demko*, "[i]n 1961 Congress expanded the coverage of 18 U.S.C. § 4126 to include not

7

only prisoners' injuries suffered in 'any industry' but also in 'any work activity in connection with the maintenance or operation of the institution where confined.'" *Demko*, 385 U.S. at 153 n.7.  Thus, courts have held that the IACA is the exclusive remedy for federal inmates injured while working in their institutions.  *Smith*, 561 F.3d 1090 (plaintiff worked as an electrician); *Wooten*, 825 F.2d 1039 (plaintiff worked as an orderly responsible for keeping a dormitory unit clean); *Jones v. Federal Bureau of Prisons*, C/A No. 2:13-4-TMC-BHH, 2013 WL 876931 (D.S.C. Feb. 7, 2013) (plaintiff worked in the kitchen of the prison). Accordingly, Plaintiff's claim is subject to the provisions of the IACA, not the FTCA, and this Court lacks jurisdiction to adjudicate Plaintiff's FTCA claim.[4]

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendant's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 20, 2016
Greenville, South Carolina

---

[4] Because the IACA is the exclusive remedy for Plaintiff's claim, the undersigned declines to address Defendant's alternative argument that even if Plaintiff could bring this action under the FTCA, it would be barred by the FTCA's two-year statute of limitations [*see* Doc. 36 at 8–10].